Hash, C. J.
 

 According to the facts admitted, ■ John C. Gordon, the father of Benjamin Gordon, who died in 1841, might have reclaimed the negroes which he had previously put into his possession; but he is now barred by the statute of limitations. After the death of Benjamin Gordon in 1841, Thomas E. Jones, his administrator, took the negroes into his possession, and sb held them until 1845, when, under an order of the proper court, they were divided between the widow, Mrs. Maria L. Gordon, and the two children of her husband, Mary
 
 L:
 
 and Isa Gordon. Mrs. Gordon was duly appointed the guardian of her two children, and, as such, took into her possession the slaves allotted to them, and as such held them, up to the time of her death in 1854. From the time of the partition, the possession of Mrs. Gordon and her children was adverse to the claim of John C. Gordon, who is still alive. His claim is barred by the statute of limitations.
 

 Mary L. Gordon died before her mother, whereby the latter, together with Isa Gordon, became entitled' to her personal property as her next of kin. Mr. Barber applied to be appointed administrator upon her estate, when the usual order was made appointing him her administrator, upon his entering into bond with security according to law. He took the usual oath and executed an administration bond, which, however, was never executed by his sureties. He doubts whether he is in law duly appointed. The following cases fully establish the validity of his appointment:
 
 Spencer
 
 v.
 
 Cahoon,
 
 4 Dev. Rep. 225, and 1 Dev. and Bat. Rep. 27, and
 
 Davis
 
 v.
 
 Lanier,
 
 2 Jones’ Rep. 307.
 

 
 *355
 
 Mrs. Maria L. Gordon died in 1854, after having made her last will and testament, in which she leaves to her brother Thomas E. Jones, and who has duly qualified as her executor, a favorite negro man by the name of Jack Blount. In the succeeding clause she bequeaths as follows:
 
 “
 
 I give all my other negro slaves to the American Colonization Society, provided said negroes are willing to go to Liberia, and provided the Colonization Society is willing to receive them, and send them to Liberia.”
 

 The question is presented, whether the bequest to the Colonization Society embraces the interest which Mrs. Gordon had, as one of the next of kin, in that portion of the slaves which- fell to Mary L. Gordon on the partition in 1845, or whether it is confined to those which were allotted on that partition to Mrs. Gordon. We are of opinion that the bequest of emancipation extends, not only to all the slaves of Mrs. Gordon and their increase held by her in severalty, but also to the slaves which may be allotted to the plaintiff as her representative, upon a partition among the next of kin of Mary L. Gordon.
 
 Cox
 
 v.
 
 Williams,
 
 4 Ire. Eq. 15.
 

 The Colonization Society has agreed to receive the negroes upon the terms proposed in the will, and the slaves have agreed to go to Liberia.
 

 The plaintiff is entitled to a decree for the partition of the slaves held in common by Henry W. Barber as administrator of Mary L. Gordon and her sister Isa, and also to a decree for partition of the slaves which shall be allotted to the administrator, between said administrator and the plaintiff; and also to a decree that the plaintiff deliver over to the American Colonization Society all the slaves embraced in this opinion as of the property of Mrs. Mary L. Gordon.
 

 Per Curiam. Decree accordingly.